Michael A. Siddons
Attorney ID #017592008
The Law Firm of Michael Alan Siddons
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 609-285-3999
Email: msiddons@siddonslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAYMOND POLLACK,<br><br>     Plaintiff,<br><br>  -against-<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>     Defendant. | **COMPLAINT** |

NOW COMES Plaintiff, Raymond Pollack ("Plaintiff"), by and through his attorneys, and for her Complaint against Defendant, GC Services Limited Partnership ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### Parties

2. Plaintiff is a natural person at times relevant residing in Hackettstown, New Jersey.

3. Plaintiff owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant is a business entity incorporated in Delaware with an office located at 6330 Gulfton St, Houston, Texas 77081.

5. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### Jurisdiction and Venue

7. Subject matter jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

8. Venue is proper pursuant before this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

### Factual Allegations

9. Prior to the filing of this action, an account was placed with Defendant to collect funds from Plaintiff which were alleged to be owed and past due ("debt").

10. Upon information and belief, the debt arises from transactions which were for personal, family and/or household purposes as that is the only type of debt that Plaintiff owes or allegedly owes.

11. In connection with the collection of the debt, Defendant places telephone calls to Plaintiff.

12. Defendant placed a telephone call to Plaintiff and left the following message:

> Hello this message is for Raymond Pollack, my name is Olivia Revis, I would appreciate you calling me back. You can reach me at 866-391-0768 extension 5088. Thank you.

13. The Defendant placed the aforementioned call in connection with its attempt to try and collect the alleged debt from Plaintiff.

14. Defendant did not, through its message, disclose Defendant's identity.

15. Defendant did not, through its message, state its name.

16. Defendant did not, through its message, state its agents' duties, role or position.

17. Defendant did not, through its message, state the nature of its business.

18. Defendant did not, through its message, disclose that it was a debt collector.

19. Defendant did not, through its message, disclose that the purpose of its call was to collect a debt.

20. Defendant, through its message, withheld its name to deceive Plaintiff as to Defendant's true identity.

21. Defendant, through its message, withheld the nature of its call to deceive Plaintiff as to Defendant's true purpose to collect funds from Plaintiff.

CLAIM FOR RELIEF
Fair Debt Collection Practices Act

22. Defendant violated the FDCPA based on the following:

a) Defendant violated § 1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff; and

b) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

(2) Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

(3) Awarding such other and further relief as may be just, proper and equitable.

Certification Pursuant to Local Rule 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

Dated: April 3, 2015                                RESPECTFULLY SUBMITTED,

By: /s/ Michael Siddons
Michael Siddons (SBN 89018)
Michael A. Siddons, Esquire
The Law Office of Michael Alan Siddons, Esquire
16 W. Front Street
P.O. Box 403
Media, PA 19063

4